KING, JUSTICE,
dissenting:
¶20. The majority holds that the renewal-provisions of the leases in this case fail to specify the rent to be paid during the renewal period and therefore affirm the trial court’s entry of judgment on the pleadings. Because I believe that the renewal options contained language which was specific enough to ascertain the renewed rent, I respectfully dissent.
¶21..- The grant of a motion for judgment on the pleadings is an issue of law, and the standard of review is de novo. R.J. Reynolds Tobacco Co. v. King, 921 So.2d 268, 270-71 (Miss.2005). The allegations in the complaint are taken as true, and the motion should not be.granted unless it appears beyond a reasonable doubt that the nonmoving party will be unable to prove any set of facts in support of the claim which would entitle the nonmovant to relief. Id. at 271.
¶ 22. “A contract’s terms must be definite, and ‘[wjithout some written evidence of purchase price or a method of determining a purchase price,’ the contract is a mere ‘memorandum of intent.’ ” Crow v. *781 Crow’s Sports Center, Inc., 119 So.3d 352, 356 (Miss.Ct.App.2012) (quoting Duke v. Whatley, 580 So.2d 1267, 1273-74 (Miss. 1991)). An option to purchase at the end of a lease period was enforced when the lease stated that the property may be purchased “for a fair market value as determined by appraisal by a licensed real-estate appraiser or such other term as the parties may negotiate between themselves .... ” Id. at 356 (reasoning that a purchase price was absent but the contract provided a clear method of determining one). The court looked at the “legal purpose and intent of the parties from an objective reading of the words employed in the contract..,.” Id. at 356 (quoting Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc., 857 So.2d 748, 752 (Miss. 2003)).
If 23. Finding thát the renewal options did not include the rental to be paid during any renewal period, the trial court held that they were void and unenforceable, and therefore granted the motion for judgment on the pleadings. I would find that to be error. It is true that the leases before this Court did not set forth the specific dollar amounts of the rents to be due during the option periods. The leases provided that rental' for the option periods would be negotiated by the parties. The leases provided that the minimum rent, Or' floor, during any option period would be not less than the original contract prices. Next, the leases provided that the ceiling for purposes of negotiating the new rentals would be “the amount of increase ... in land rent customary in the area for similar property.”
¶ 24. Bennett’s motion for judgment on the pleadings under Mississippi Rule of Civil Procedure 12(c) was properly granted only if it appeared beyond a doubt that Intrepid would be unable to prove any set of facts in support of its claim. The ma-jonty finds that the renewal provisions are unenforceable because the provisions do not contain definite rental amounts or a workable method for determining the renewal amount. Yet, the leases for the T.J. Carter Place and for the Craigside Place do provide set parameters for the negotiation of the rentals for the'option years. Given these facts, 'it cannot be said with reasonable certainty that Intrepid would be unable to prove any set of facts which support its claim. ■ Therefore, I believe the motion for judgment on the pleadings was improperly granted. I respectfully dissent and would reverse .the decision of the trial court and remand for a trial on the merits.
WALLER, C.J., AND KITCHENS, J., JOIN THIS OPINION.